Edward Lee HART, Sr.,
Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 01–4105.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 16, 2002.*

Decided Oct. 17, 2002.

Rehearing Denied Nov. 22, 2002.

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

ORDER

In November 1979, Edward Hart filed an application for supplemental security income with the Social Security Administration ("SSA"). When his claim was denied, Hart sought federal court review. A district court ruled in the SSA's favor on April 21, 1983. All motions to reconsider were denied, and Hart did not appeal the district court's judgment.

Undeterred, though, Hart continued to pursue his claim through additional applications and requests for review. On November 21, 1988, an Administrative Law Judge from the SSA's Office of Hearings and Appeals found that Hart had indeed been under a disability since mid–1977. Hart, however, disputed the calculation of benefits, and asked the SSA's Appeals Council to review the decision. On September 6, 1990, the Appeals Council revised the benefit determination, but not to the degree that Hart had requested.

More than ten years later, Hart filed in district court a document entitled "Contemp [sic] & Obstruction of Justice Charges," which, despite its label, sought review of the 1990 Appeals Council decision. According to Hart, the 1990 decision conflicted with the federal court's 1983 ruling. The district court concluded that it lacked jurisdiction to consider Hart's submission, citing the eighteen years that had passed since the federal case had been

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

closed. Hart asks us to review this district court ruling.

The district court's conclusion was correct. Jurisdiction to review a final decision of the SSA arises under 42 U.S.C. §§ 405(g) and 1383(c)(3), which provide that an action shall commence "within sixty days after the mailing ... of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). Over a decade has passed since the Appeals Council issued its decision, and no administrative extension has been alleged. The district court properly dismissed Hart's claim for want of jurisdiction.

We wish to make one final observation. Hart has pursued this appeal on what appears to be his misunderstanding that the district court's 1983 ruling, adopting the recommendations of a United States Magistrate Judge, was somehow in his favor. It was not. Hart seems to have misread the Magistrate Judge's report, which concluded that "[i]n the instant case it cannot be said that, upon consideration of the record as a whole, the final decision of the Secretary is not supported by some evidence." This sentence simply means that the Secretary's final decision *was* supported by some evidence. And although the Magistrate Judge noted that "the Secretary failed to make a specific finding that Plaintiff cannot return to his past relevant work," he considered this to be a "mere oversight" that did not affect the judgment. Hart's reliance on the Magistrate Judge's report therefore strikes us as misplaced.

AFFIRMED.